**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARVIN VASQUEZ-AREVALO; LISSETH DEL CARMEN ORTIZ-DE VASQUEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   16-74030 <br>       18-71132 <br><br> Agency Nos.   A206-836-295 <br>              A206-800-183 <br>              A206-800-182 <br>              A206-836-312 <br>              A206-800-279 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jose Marvin Vasquez-Arevalo, Lisseth Del Carmen Ortiz-de-Vasquez, and

their three minor children, natives and citizens of El Salvador, petition pro se for

review of the Board of Immigration Appeals' orders dismissing their appeals from

an immigration judge's decision denying their applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We consolidate the petitions for review in Nos. 16-74030 and 18-71132. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and deny the petitions for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they experienced or fear in El Salvador was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground); *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground). Thus, petitioners' asylum claims fail.

In this case, because petitioners failed to establish eligibility for asylum, they failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

16-74030

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITIONS FOR REVIEW DENIED.**